IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSEANNA M. GARZA | § § | |
| vs | § § | CIVIL ACTION NO: B-02-210 (Jury Requested) |
| SAM'S CLUB a/k/a WAL-MART STORES, INC. | § § § | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

DEFENDANT **SAM'S CLUB a/k/a WAL-MART STORES, INC.** files this its FIRST ORIGINAL ANSWER to PLAINTIFF'S ORIGINAL PETITION, and would respectfully show unto the Court as follows:

### I. PARTIES

1. Defendant. is without sufficient information to admit or deny the residence of Roseanna M. Garza, as alleged in ¶ 1 of Plaintiffs' Original Petition.

2. Defendant Sam's Club admits that it is a Delaware corporation and is qualified to engage in business in Texas and conducts business at 3570 W. Alton Gloor, Brownsville, Cameron County, Texas, and not 1601 Price Road, as alleged in ¶ 2 of Plaintiff's Original Petition.

### II. JURISDICTION

3. Defendant admits that the amounts now claimed by the Plaintiffs as damages fall within the jurisdictional limits of the federal courts, as alleged in ¶ 3 of Plaintiffs' Original Petition, but denies that Plaintiff is entitled to same. Defendant admits diversity of

citizenship under 28 U.S.C. § 1332.

### III. PRELIMINARY STATEMENT

4. Defendant admits that plaintiff's allegations, as set forth in Plaintiff's Original Petition, comprise a claim for personal injury, but denies each and every other allegation contained in ¶ 4 of Plaintiff's Original Petition.

### IV. FACTUAL ALLEGATIONS

5. Defendant admits the allegations in ¶ 5 of Plaintiff's Original Petition.

6. Defendant admits that Plaintiff was an invitee, and that Defendant owes a duty to its invitees to use ordinary or reasonable care to protect its invitees against dangerous conditions on the premises where Defendant has either actual or constructive knowledge. Defendant further admits it has a duty to maintain its premises in a reasonably safe condition. Defendant denies that it failed in its legal duties in connection with the occurrence forming the basis of this lawsuit.

7. Defendant is without sufficient information at this time to admit or deny the allegation contained in ¶ 7 of Plaintiffs' Original Petition, and requires strict proof thereof.

8. Defendant denies each and every allegation contained in ¶ 8 of Plaintiffs' Original Petition.

### V. NEGLIGENCE

9. Defendant denies each and every allegation contained in ¶ 9 of Plaintiffs' Original Petition

10. Defendant denies each and every allegation contained in ¶ 10 of Plaintiffs' Original Petition.

11. Defendant denies each and every allegation contained in ¶ 11 of Plaintiff's Original Petition.

12. Defendant denies each and every allegation contained in ¶ 12 of Plaintiff's Original Petition.

### VI. DAMAGES

13. Defendant admits that Plaintiff is requesting the Court and Jury to determine the amount of alleged loss to Plaintiff, but Defendant denies each and every other allegation contained in ¶ 13 of Plaintiff's Original Petition.

14. Defendant denies each and every allegation contained in ¶ 14 of Plaintiff's Original Petition

15. Defendant denies each and every allegation contained in ¶ 15 of Plaintiff's Original Petition.

16. Defendant denies each and every allegation contained in ¶ 16 of Plaintiff's Original Petition.

### VII. LIFE TABLES

17. Defendant is without sufficient information at this time to admit or deny that Plaintiff was 28 years of age at the time of the occurrence made the basis of this action. Defendant denies that Plaintiff sustained injuries due to the actions or omissions of this defendant which would warrant admission of the National Vital Statistics Reports, United States Life Tables into evidence in this cause, and each and every remaining allegation contained in paragraph 17 of Plaintiff's Original Petition.

## VIII. PRE/POST JUDGEMENT INTEREST

18.     Defendant denies each and every allegation contained in ¶ 18 of Plaintiff's Original Petition.

## IX. PRAYER FOR RELIEF

19.     Defendant denies that Plaintiff is entitled to the relief prayed for in ¶ 19 of Plaintiff's Original Petition.

## X. AFFIRMATIVE DEFENSES

20.     For further answer herein, if such be necessary, Defendant affirmatively asserts that the acts of the Plaintiff ROSEANNA M. GARZA, in failing to exercise ordinary care of a reasonable minor of his age for her own safety, was fifty-one percent (51%) of the cause of the alleged injuries, in the alternative, they were the sole cause.

21.     Defendant further affirmatively asserts that Plaintiff has failed to allege sufficient facts to state a cause of action against Sam's Club a/k/a Wal-Mart Stores, Inc.

22.     Defendant affirmatively states that the acts of third parties, as yet unknown, were a contributing cause of Plaintiff's alleged injuries, or alternatively, that they were the sole cause.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that it be released, discharged and acquitted of the charges filed against it, that Plaintiff take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which it will forever pray.

Respectfully submitted,

DRABEK & ASSOCIATES
1720 Harrison, Suite B
Harlingen , Texas 78550
Telephone: 210/428-4544
Facsimile: 210/428-4880

_____
Jaime A. Drabek
Federal ID # 8643
SBOT: 06102410
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record by certified mail, return receipt requested and/or hand delivery on this _____/2th_____ day of November, 2002.

Mr. Frank Costilla
**Law Office of Frank Costilla, L.P.**
5 East Elizabeth Street
Brownsville, Texas   78520

_____
Jaime A. Drabek