United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSEANNA M. GARZA | § § | |
| vs. | § § | CIVIL ACTION NO. B-02-210 |
| SAM'S CLUB a/k/a WAL-MART STORES, INC. AND HILL FLORAL PRODUCTS, INC. | § § § § | (Jury Requested) |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Roseanna M. Garza, Plaintiff, complaining of Sam's Club a/k/a Wal-Mart Stores, Inc., and HS Floral Heel, Defendants herein, and for cause of action would show the court as follows:

### I. PARTIES

1. Plaintiff, Roseanna M. Garza, is an individual residing in Cameron County, Texas.

2. Defendant, Sam's Club a/k/a Wal-Mart Stores, Inc., is a Delaware corporation whose principal place of business is not located in Texas, although it is qualified to engage in business in Texas and conducts business at 3507 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas. No service is required as Defendant Sam's has answered and appeared herein.

3. Defendant Hill Floral Products, Inc. is a business entity conducting operations inside the Brownsville Sam's Club identified above and whose principal place of business is 2117 Peacock Road, Richmond, Indiana 47374. No service is required as Defendant Hill has answered and appeared herein.

## II. JURISDICTION

4. Jurisdiction is founded on the diversity of citizenship under 28 U.S.C. §1332. The present amount in controversy exceeds the sum of $75,000, excluding interest and cost. Additionally, this Court has supplemental jurisdiction for state law claims pursuant to 28 U.S.C. §1367.

## III. PRELIMINARY STATEMENT

5. This is a personal injury case in which the Plaintiff, Roseanna M. Garza, sustained severe and disabling injuries to her back and body when she slipped and fell on water, or some type of clear liquid, while shopping at the Sam's Club located at 3507 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas 78521 on March 8, 2002.

## IV. FACTUAL ALLEGATIONS

6. At all times pertinent to this action, Defendant Sam's Club was the exclusive owner, lessee, occupier or possessor of the premises in question.

7. Plaintiff was an invitee to whom Defendant Sam's Club owed a duty to use ordinary or reasonable care to protect Plaintiff and others against dangerous conditions on the premises of which Defendant Sam's Club has either actual or constructive knowledge, including the duty to exercise ordinary or reasonable care to protect and safeguard Plaintiff and those similarly situated from unreasonably dangerous conditions on Defendant's premises or to maintain the premises in a reasonably safe condition or inspect the premises to discover the dangerous condition or to warn of hazards.

8. At all times material herein, all of the agents, servants, and employees for Defendant Sam's Club, who were in any way connected with the occurrence in this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

9. On or about March 8, 2002, during normal business hours, Plaintiff was walking through an aisle in close proximity to the frozen food section and an area containing a pallet with floral and plant displays, when she suddenly slipped and fell on some water, or some other type of clear liquid. This liquid on the floor constituted a dangerous condition on the premises which Defendant, Sam's Club d/b/a Wal-Mart Stores, Inc., its agents, servants and employees knew or, in the exercise of ordinary care, should have known existed. As a result of the incident, Plaintiff sustained severe and disabling physical injuries to her back and body generally. The floral and plant displays and the handling of such were being done by Defendant Hill Floral Products, Inc.

## V. PREMISES LIABILITY AND NEGLIGENCE

10. Plaintiff alleges that Defendant, Sam's Club a/k/a Wal-Mart Stores, Inc., its agents, servants and employees had actual or constructive knowledge of the condition on the premises and that there was a likelihood of someone being injured as happened to Plaintiff.

11. Plaintiff further alleges that the water, or other liquid substance, created a condition which posed an unreasonable risk of harm to Plaintiff because Defendant Sam's Club failed to exercise reasonable care to reduce or eliminate the risk and, that Defendant's failure to use such care was a proximate cause of Plaintiff's injuries.

12. Defendant Sam's Club, through its agents or employees, did appreciate or in the exercise of reasonable care should have appreciated the full extent of the danger involved.

13. Plaintiff sustained severe and disabling physical injuries to her back and other general injuries as a direct and proximate result of this dangerous condition on the premises which Defendant Sam's Club, its agents, servants and employees knew or, in the exercise of ordinary care, should have known existed.

14.   Defendant Hill Floral Products Inc., acted negligently in the handling and operations of its floral products and business enterprise inside the store thereby allowing water and other liquid substances to accumulate on the floor and walkways of the store which were those used by Sam's customers. Defendant Hill had a duty to protect the walkways from accumulations of this nature and/or to immediately clean these areas up before Sam's customers had access to these areas. Defendant Hill breached its duties to Plaintiff which proximately caused her injuries.

## VI. DAMAGES

15.   As a direct proximate result of the negligence of Defendants, Plaintiff has suffered severe and disabling physical injuries to her back and body generally which have resulted in losses and damages recoverable at law. Plaintiff respectfully requests the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

16.   From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

  a. The physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

  b. The mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial;

    c.    The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question to the time of trial;

    d.    The loss of earning capacity that Plaintiff has sustained from the date of the incident in question to the time of trial; and

    e.    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

17. From the time of the trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are such of the following elements that are shown by a preponderance of the evidence upon the trial of this case.

    a.    The physical pain and suffering that Plaintiff will suffer in the future beyond the time of trial;

    b.    The mental anguish that Plaintiff will suffer in the future beyond the time of trial;

    c.    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    d.    The loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future beyond the time of trial; and

    e.    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial.

18. By reason of the above and foregoing, Plaintiff, Roseanna M. Garza, has suffered losses and damages in excess of the minimum jurisdictional limits of this Court.

## VII. LIFE TABLES

19. At the time of the occurrence made the basis of this action, Plaintiff, Roseanna M. Garza, was 28 years of age with a life expectancy of 52.9 years according to the National Vital Statistics

Reports, United States Life Tables, 1999, Volume 50, Number 6, Table 6, a certified copy of which will be used by Plaintiff as evidence at the trial of this cause and Defendant is hereby notified of such intent.

### VIII. PRE/POSTJUDGMENT INTEREST

20.   Plaintiff further pleads that pursuant to statute and equity she is entitled to pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if she is not allowed such pre and post judgment interest, that she would not be fully compensated, and that she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

### IX. PRAYER FOR RELIEF

21.   WHEREFORE, PREMISES CONSIDERED, Plaintiff, Roseanna M. Garza, requests that on final trial she have judgment against Defendants for a sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interest, costs of suit, and general relief.

### X. JURY DEMAND

22.   Pursuant to Rules 38 and 39, Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas  78520
Telephone:   (956) 541-4982
Facsimile:    (956) 544-3152

_____
**Frank Costilla**
Federal ID No. 1509
State Bar No. 04856500
**Alejandro J. Garcia**
Federal ID No. 30411
State Bar No. 24004663

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On this the 10th day of March, 2004, a true and correct copy of the above and foregoing document was sent to opposing counsel, as indicated below:

| | |
|---|---|
| Mr. Jaime Drabek<br>The Law Firm of Drabek & Associates<br>1720 E. Harrison, Suite B<br>Harlingen, TX 78550 | Via CM/RRR # 7003 1010 0003 6965 3213 |
| Mr. W. Michael Fisher<br>Roerig, Oliveira & Fisher, LLP<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78550 | Via CM/RRR # 7003 1010 0003 6965 3220 |

_____
Alejandro J. Garcia