United States District Court
Southern District of Texas
FILED

JUL 0 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSEANNA M. GARZA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-210 |
| | § | (Jury Requested) |
| SAM'S CLUB a/k/a WAL-MART | § | |
| STORES, INC. AND HILL FLORAL | § | |
| PRODUCTS, INC. | § | |

## PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Roseanna M. Garza and files this her Third Amended Original Complaint, subject to her motion for Leave to Amend filed of even date herewith, and for cause of action would show the court as follows:

### I. PARTIES

1. Plaintiff, Roseanna M. Garza, is an individual residing in Willacy County, Texas.

2. Defendant, Sam's Club a/k/a Wal-Mart Stores, Inc., is a Delaware corporation whose principal place of business is not located in Texas, although it is qualified to engage in business in Texas and conducts business at 3570 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas. No service is required as Defendant Sam's has answered and appeared herein.

3. Defendant Hill Floral Products, Inc. is a business entity conducting operations inside the Brownsville Sam's Club identified above and whose principal place of business is 2117 Peacock Road, Richmond, Indiana 47374. No service is required as Defendant Hill has answered and appeared herein.

## II. JURISDICTION

4. Jurisdiction is founded on the diversity of citizenship under 28 U.S.C. §1332. The present amount in controversy exceeds the sum of $75,000, excluding interest and cost. Additionally, this Court has supplemental jurisdiction for state law claims pursuant to 28 U.S.C. §1367.

## III. PRELIMINARY STATEMENT

5. This is a personal injury case in which the Plaintiff, Roseanna M. Garza, sustained severe and disabling injuries to her back and body when she slipped and fell on water, or some type of clear liquid, while shopping at the Sam's Club located at 3570 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas 78521 on March 8, 2002.

## IV. FACTUAL ALLEGATIONS

6. At all times pertinent to this action, Defendant Sam's Club owned, controlled and occupied the premises in question. Defendant Hill Floral, a vendor partner with Sam's Club operated the floral department within the premises in question and was licensed to sell nursery/floral products at the premises in question.

7. On or about March 8, 2002, during normal business hours, Plaintiff was walking through an aisle in close proximity to the frozen food section and in an area containing pallets with floral and plant displays, when she suddenly slipped and fell on some water, or some other type of clear liquid. Plaintiff sustained severe and disabling physical injuries to her back and body generally. Defendant Hill Floral was responsible for the floral and plant displays and the floral department generally and the handling of the floral products were done by both Defendants. This liquid on the floor constituted a dangerous condition on the premises which Defendants were responsible for placing and knew or, in the exercise of ordinary care, should have known existed.

8. At all times material herein, all of the agents, servants, and employees for Defendants Sam's Club and Hill Floral, who were in any way connected with the occurrence in this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

## V. CAUSES OF ACTION AGAINST SAM'S CLUB

*Premises Liability*

9. Plaintiff was an invitee to whom Defendant Sam's Club owed a duty to use ordinary or reasonable care to protect Plaintiff and others against dangerous conditions on the premises of which Defendant Sam's Club had either actual or constructive knowledge, including the duty to exercise ordinary or reasonable care to protect and safeguard Plaintiff and those similarly situated from unreasonably dangerous conditions on Defendant's premises or to maintain the premises in a reasonably safe condition or inspect the premises to discover the dangerous condition or to warn of hazards.

10. Defendant Sam's Club, its agents, servants and employees had actual or constructive knowledge of the condition on the premises and that there was a likelihood of someone being injured as happened to Plaintiff.

11. The water, or other liquid substance, created a condition which posed an unreasonable risk of harm to Plaintiff because Defendant Sam's Club failed to exercise reasonable care to reduce or eliminate the risk and, that Defendant's failure to use such care was a proximate cause of Plaintiff's injuries.

12. Defendant Sam's Club, through its agents or employees, did appreciate or in the exercise of reasonable care should have appreciated the full extent of the danger involved.

13. Plaintiff sustained severe and disabling physical injuries to her back and other general injuries as a direct and proximate result of this dangerous condition on the premises which Defendant Sam's Club, its agents, servants and employees knew or, in the exercise of ordinary care, should have known existed.

## VI. CAUSES OF ACTION AGAINST HILL FLORAL

*Negligence*

14. Hill Floral conducted its activities and operations within the premises in question and thereby owed a duty to Sam's Club members, *i.e.* Plaintiff, to keep the premises safe of a known dangerous condition. Hill Floral breached that duty and acted negligently in the handling and operations of floral products and business enterprise inside the store thereby allowing water and other liquid substances to accumulate on the floor and walkways of the store which were those used by Sam's customers. Defendant Hill had a duty to protect the walkways from accumulations of this nature and/or to immediately clean these areas up before Sam's customers had access to these areas. Defendant Hill breached its duties to Plaintiff which proximately caused her injuries.

*Premises Liability*

15. Alternatively, Hill Floral, as a vendor partner of Sam's Club, was an occupier and licensee of the premises in question inasmuch as it conducted its business operations there and received flower shipments at the store. Hill Floral was licensed through the Texas Dept. of Agriculture to sell nursery/floral products at that location. Hill Floral owed a duty to use ordinary or reasonable care to protect Plaintiff and others against dangerous conditions on the premises of which Defendant Hill Floral had either actual or constructive knowledge, including the duty to exercise ordinary or reasonable care to protect and safeguard Plaintiff and those similarly situated from unreasonably

dangerous conditions on the premises or to maintain the premises in a reasonably safe condition or inspect the premises to discover the dangerous condition or to warn of hazards.

16. Defendant Hill Floral, its agents, servants and employees had actual or constructive knowledge of the condition on the premises and that there was a likelihood of someone being injured as happened to Plaintiff.

17. The water, or other liquid substance, created a condition which posed an unreasonable risk of harm to Plaintiff because Defendant Hill Floral failed to exercise reasonable care to reduce or eliminate the risk and, that Defendant's failure to use such care was a proximate cause of Plaintiff's injuries.

18. Defendant Hill Floral, through its agents or employees, did appreciate or in the exercise of reasonable care should have appreciated the full extent of the danger involved.

## VII. DAMAGES

19. As a direct proximate result of the negligence of Defendants, Plaintiff has suffered severe and disabling physical injuries to her back and body generally which have resulted in losses and damages recoverable at law. Plaintiff respectfully requests the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

20. From the date of the incident in question until the time of trial of this case, those elements

of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    a.    The physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    b.    The mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial;

    c.    The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question to the time of trial;

    d.    The loss of earnings that Plaintiff has sustained from the date of the incident in question to the time of trial; and

    e.    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

21.    From the time of the trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are such of the following elements that are shown by a preponderance of the evidence upon the trial of this case.

    a.    The physical pain and suffering that Plaintiff will suffer in the future beyond the time of trial;

    b.    The mental anguish that Plaintiff will suffer in the future beyond the time of trial;

    c.    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    d.    The loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future beyond the time of trial; and

    e.    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial.

22. By reason of the above and foregoing, Plaintiff, Roseanna M. Garza, has suffered losses and damages in excess of the minimum jurisdictional limits of this Court.

## VIII. LIFE TABLES

23. At the time of the occurrence made the basis of this action, Plaintiff, Roseanna M. Garza, was 28 years of age with a life expectancy of 52.9 years according to the National Vital Statistics Reports, United States Life Tables, 1999, Volume 50, Number 6, Table 6, a certified copy of which will be used by Plaintiff as evidence at the trial of this cause and Defendant is hereby notified of such intent.

## IX. PRE/POSTJUDGMENT INTEREST

24. Plaintiff further pleads that pursuant to statute and equity she is entitled to pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if she is not allowed such pre and post judgment interest, that she would not be fully compensated, and that she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

## X. PRAYER FOR RELIEF

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Roseanna M. Garza, requests that on final trial she have judgment against Defendants for a sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interest, costs of suit, and general relief.

## XI. JURY DEMAND

26. Pursuant to Rules 38 and 39, Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:   (956) 541-4982
Facsimile:    (956) 544-3152

*/s/ Frank Costilla*

Frank Costilla
Federal ID No. 1509
State Bar No. 04856500
**Alejandro J. "Hondo" Garcia**
Federal ID No. 30411
State Bar No. 24004663

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On this the 9th day of July, 2004, a true and correct copy of the above and foregoing document was sent to opposing counsel, as indicated below:

| | |
|---|---|
| Mr. Jaime Drabek<br>The Law Firm of Drabek & Associates<br>1720 E. Harrison, Suite B<br>Harlingen, TX 78550 | Via CM/RRR # 7003 1010 0003 6965 4241 |
| Mr. W. Michael Fisher<br>Roerig, Oliveira & Fisher, LLP<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78550 | Via CM/RRR # 7003 1010 0003 6965 4258 |

*/s/ Alejandro J. "Hondo" Garcia*

Alejandro J. "Hondo" Garcia