IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 5 2004

Michael N. Milby
Clerk of Court

| ROSEANNA M. GARZA | § | |
| --- | --- | --- |
| | § | |
| vs | § | CIVIL ACTION NO: B-02-210 |
| | § | |
| SAM'S EAST, INC. AND HILL | § | |
| FLORAL PRODUCTS, INC. | § | |

## DEFENDANT SAM'S EAST, INC.'S ORIGINAL CROSS-CLAIM AGAINST CO-DEFENDANT HILL FLORAL PRODUCTS, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SAM'S EAST, INC.**, Defendant in the above entitled and numbered cause and files this its Original Cross-Claim against Co-Defendant, Hill Floral Products, Inc. and as such states as follows:

1. Co-Defendant Hill Floral Products is represented by Mr. Michael Fisher. Service of this cross-claim is made upon Mr. Fisher via hand delivery and as pursuant to the Federal Rules of Civil Procedure.

2. On or about September 11, 2000, Cross-Plaintiff entered into a written contract with Co-Defendant, which is attached as Exhibit "A" and incorporated by reference. Under the terms of the Vendor's Agreement (page 3, paragraph entitled "Indemnification"), Co-Defendant is required to indemnify and defend Cross-Plaintiff from any and all claims and actions arising out of any actual or alleged death or injury to any person.

3. All conditions precedent have been met.

4. The Plaintiff in this case claims that she was injured when she slipped on water that was allegedly spilled on the floor by the actions of an employee of Hill Floral Products, Inc., an independent contractor who leased space from Sam's East, Inc. at the store on Alton Gloor in Brownsville, Texas. Under the terms of the contract, the allegations in this case require that Hill Floral Products, Inc. honor the indemnification clause in the contract and indemnify Sam's East, Inc. and hold it harmless from all claims in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant Sam's East, Inc. requests judgment of the Court that Plaintiff take nothing by this suit and that Defendant recover all costs in defending Plaintiff's claims, and that Defendant Sam's East, Inc., as Cross-Plaintiff, have the following judgment by way of cross-claim against Co-Defendant Hill Floral Products, Inc.:

1. For a sum within the jurisdictional limits of the court;
2. Pre-judgment and post-judgment interest as provided by law;
3. Reasonable attorneys fees;
4. Cost of suit;
5. Such other and further relief to which Defendant/ Cross-Plaintiff may be justly entitled.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/ 428-4544 Telephone
95/ 428-4980 Facsimile

JAIME A. DRABEK
Fed. I.D. No. 8643
SBOT: 06102410
*Counsel for Defendant, Sam's Club a/k/a Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by certified mail, return receipt requested, on this the ___15th___ day of July, 2004, to-wit:

| | |
|---|---|
| Mr. Frank Costilla<br>**Law Office of Frank Costilla, L.P.**<br>5 East Elizabeth Street<br>Brownsville, Texas   78520 | ***Via hand delivery*** |
| Mr. W. Michael Fisher<br>**Roerig, Oliveira & Fisher, LLP**<br>855 W. Price Road, Suite 9<br>Brownsville, Texas   78520-8786 | ***Via hand delivery*** |

Jaime A. Drabek

# VENDOR AGREEMENT
**WAL-MART STORES, INC.**
Corporate Office
Bentonville, AR 72716
(501) 273-4000

THIS AGREEMENT IS A LEGALLY BINDING DOCUMENT AND THE PARTIES HERETO AGREE TO BE BOUND BY ALL TERMS AND CONDITIONS HEREIN; HOWEVER, THIS VENDOR AGREEMENT AND OTHER TERMS, CONDITIONS AND STANDARDS INCORPORATED HEREIN DO NOT CREATE AN OBLIGATION FOR PURCHASER TO PURCHASER MERCHANDISE OR OTHER GOODS.

**TO BE COMPLETED BY PURCHASER:**

- [ ] WAL-MART
- [ ] SAM'S CLUB
- [ ] SUPERCENTER
- [ ] GROCERY DIVISION
- [ ] ROYALTY
- [ ] OTHER _____
- [x] EXISTING VENDOR
- [ ] NEW VENDOR
- [x] UPDATE
- [ ] NEW SEQ.
- [x] PURCHASE / MDSE
- [ ] EXPENSE &
- Type _____

Effective Date _____

VENDOR NO. 660992640
DEPT. 24 SEQ.
CATEGORY _____
DEPARTMENT 64, 68, 73, 79
BUYER Kathy Hession EXT. 77982

## GENERAL VENDOR INFORMATION

Company Classification: (Please disregard this section if you are not a minority owned business)
Minority Owned? _____ Woman-Owned? _____
B ____ Black   P ____ Asian-Pacific American   I ____ Asian Indian   N ____ Eskimo   H ____ Hispanic   N ____ American Indian
N ____ Aleut   N ____ Native Hawaiian

IF YOUR COMPANY FALLS WITHIN ANY OF THE ABOVE MINORITY CLASSES, AND HAS BEEN CERTIFIED AS MINORITY-OWNED BY A GOVERNMENT AGENCY OR PURCHASING COUNCIL, YOU ARE QUALIFIED FOR THE FIRST STEP IN THE WAL-MART MINORITY OWNED BUSINESS DEVELOPMENT PROGRAM. A COPY OF YOUR CERTIFICATION MUST BE ATTACHED TO QUALIFY.

Enter the Federal Taxpayer Identification Number (TIN) of the Payee Named Below. If a "TIN" has not been issued, enter the Employer's Social Security Number.

35 - 0867902  OR  ___-___-___
SEE "A"

TYPE OF PAYEE (CHECK ONLY ONE): ____ Individual/Sole Proprietorship  ____ Corporation  ____ Partnership  ____ Other
PURCHASER RESERVES THE RIGHT TO REMIT TO THE PARTY TO WHOM THE PURCHASE ORDER IS ISSUED.

**ADDRESS TO MAIL PAYMENT:**
Vendor Name: HS FLORAL DISTRIBUTORS
Address: 2117 PEACOCK RD
City: RICHMOND  State: IN  Zip: 47374
Factor Name: _____
Vendor Also Doing Business As: (Attach a list to this Agreement if space below is insufficient)

_____ Vendor # _____

**ADDRESS TO MAIL CLAIM DOCUMENTATION:**
Attention: LEE MANN
Address: 2821 EAST RANDOL MILL RD
City: ARLINGTON  State: TX  Zip: 76011
Accounting Phone Number: 800 - 880 - 5393
Toll Free Number: 800 - 880 - 5393
FAX Number: 800 - 844 - 8524

**ADDRESS TO SEND PURCHASE ORDERS:**
Vendor Name: HS FLORAL DISTRIBUTORS
Attention: LEE MANN
Address: 2821 EAST RANDOL MILL ROAD
City: ARLINGTON  State: TX  Zip: 76011
Street Address for use by delivery services other than the U.S. Mail, if not already shown in the Purchase Order address above.

_____ Room _____
Expedite Orders: Phone 800 - 880 - 5393

**ADDRESS TO SEND PRICING TICKETS:**
Vendor Name: HS FLORAL DISTRIBUTORS
Attention: LEE MANN
Address: 2821 EAST RANDOL MILL RD
City: ARLINGTON  State: TX  Zip: 76011

## SHIPPING TERMS
**FREIGHT TERMS**

- [ ] COLLECT - FOB VENDOR
- [x] PREPAID - FOB PURCHASER
- [ ] PREPAID TO CONSOLIDATOR - FOB PURCHASER'S CONSOLIDATOR

**MINIMUM FOR PREPAID FREIGHT TERMS:**
____ POUNDS  ____ UNITS  ____ WHOLE DOLLARS

## CONDITION OF SALE
Attach Details of Available Programs. Programs that are accepted will become an addendum to Agreement.

- [x] Guaranteed Sale
- [ ] Consignment
- [ ] Preticketing
- [ ] Prepricing
- [ ] Stock Balancing
- [ ] Shelf Labels

## STANDARD PURCHASE ORDER ALLOWANCE

| CODE | ALLOWANCE | DISC % | MEMO | HOW PAID Each Inv. OI | CM | Other CK | WHEN PAID EI | M | Q | S | A |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SA | New Store/Club Discount | — | | — | — | — | — | — | — | — | — |
| OL | New Store/Club Discount | — | | — | — | — | — | — | — | — | — |
| NW | New Distribution Center | — | | — | — | — | — | — | — | — | — |
| WA | Warehouse Allowance | — | | — | — | — | — | — | — | — | — |
| QD | Warehouse Distribution Allowance | — | | — | — | — | — | — | — | — | — |
| DM | Defective/Returned Mdse. Allowance | — | | — | — | — | — | — | — | — | — |
| SD | Soft Goods Defective Allow | — | | — | — | — | — | — | — | — | — |
| PA | Promotional Allowance | — | | — | — | — | — | — | — | — | — |
| VD | Volume Discount | — | DEPT/SUB 640 | — | — | — | — | — | — | — | — |
| FA | Freight Allowance | — | VENDOR 660992 | — | — | — | — | — | — | — | — |
| AA | Advertising Allowance | — | CODE  9.25.00 | — | — | — | — | — | — | — | — |
| TR | TV/Radio Media Allowance | — | KEY DATE  V.M. | — | — | — | — | — | — | — | — |
| DA | Display/Endcap Allowance | — | | — | — | — | — | — | — | — | — |
| EB | Early Buy Allowance | — | | — | — | — | — | — | — | — | — |
| HA | Handling Allowance | — | | — | — | — | — | — | — | — | — |

**PAYMENT TERMS**
ALL DATING SHALL BEGIN AT THE DATE OF RECEIPT OF THE GOODS AT PURCHASER'S DOCK. ON ALL E.O.M. (END OF THE MONTH) DATINGS, GOODS RECEIVED AFTER THE 24TH OF ANY MONTH SHALL BE PAYABLE AS IF RECEIVED IN THE FOLLOWING MONTH. INVOICES SHOULD BE MAILED OR ELECTRONICALLY TRANSMITTED ON THE SAME DAY GOODS ARE SHIPPED AND SHALL DATE FROM PURCHASER'S RECEIPT OF THE GOODS. CASH DISCOUNT WILL BE CALCULATED ON THE GROSS AMOUNT OF VENDOR'S INVOICE.

1. Cash Discount

    Cash Discount Days Available.

2. Net Payment Days Available (must be at least one day more than Cash Discount Days Available).

Yes ____ No ____ 3. E.O.M.

NEW STORE/CLUB/WHSE TERMS IF DIFFERENT THAN REGULAR TERMS:

Alaska, Hawaii, and Puerto Rico, defective merchandise programs will be negotiated separately.

**CONDITION OF MERCHANDISE**
Vendor agrees to only ship goods which comply with the "Warranties and Guarantees" section of the "Purchase Order Terms and Conditions" which is attached hereto and incorporated herein.

**PRICE GUARANTEE AND NOTICE OF PRICE INCREASES**
Prices are guaranteed by Vendor against manufacturer's or Vendor's own price decline and against legitimate competition until date of shipment with Purchaser's owned inventories price protected by credit memo. In the event that prior to the final shipment under any order Vendor sells or offers to others goods substantially of the same kind as ordered at lower prices and or on terms more favorable to a third party than those stated on the purchase order, the prices and or terms shall be deemed automatically revised to equal the lowest prices and most favorable terms at which Vendor shall have sold or shall have offered such goods and payment shall be made accordingly. In the event Purchaser shall become entitled to such lower prices, but shall have made payment at any prices in excess thereof, Vendor shall promptly refund the difference in price to Purchaser. In the event that a court or regulatory agency or body finds that the prices on an order are in excess of that allowed by any law or regulation of any governmental agency, the prices shall be automatically revised to equal a price which is not in violation of said law or regulations. If Purchaser shall have made payment before it is determined that there has been a violation, Vendor shall promptly refund an amount of money equal to the difference between the price paid for the goods and the price which is not in violation of said regulations. In the event of a price increase, Vendor shall give Wal-Mart written notice of any such increase at least sixty (60) days prior to the effective date of the increase.

**DEBIT BALANCES**
If Vendor has a Debit Balance with Purchaser, the amount owed Purchaser will be deducted from the next remittance or a check from Vendor to clear this amount will be paid within 30 days at the option of Purchaser. Purchaser reserves the right to charge the Vendor penalties and interest for any Debit Balances not paid within 30 days.

**\*\*IMPORTANT NOTICE\*\* ALL PAYMENTS OF MONIES MUST BE MAILED TO THE ADDRESS INDICATED BELOW:**

☐ P.O. BOX 889, LOWELL, AR 72745           ☐ P.O. BOX 500646, ST. LOUIS, MO. 63150-0646 (Allowance Checks)

☐ P.O. BOX 18045 B, ST. LOUIS, MO 63160    ☐ P O. BOX 500787, ST. LOUIS, MO. 63150-0787 (SAM'S)

**WARRANTY POLICY**
VENDOR MUST CHECK OPTIONS BELOW AND COMPLETE INFORMATION BEFORE AGREEMENT CAN BE APPROVED

Vendor will be charged current costs plus a 10% handling charge for all returned merchandise except where a Defective/Returned Merchandise Allowance is given by the vendor. Returned merchandise will be shipped with return freight charges billed back to the vendor. Returns are F.O.B. Purchaser.

☐ **VENDOR OPTION #1:** VENDOR WANTS RETURNED MERCHANDISE SENT TO THEM:

☐ Returned merchandise will be sent to the vendor direct from each store.
   Permanent return authorization # _____, if required for shipment. If automatic return is not possible, an 800 number should be provided or the vendor must accept purchaser's collect calls to secure return authorization over the phone.

   Phone _____  Contact _____

☐ Returned merchandise will be sent from store locations to the return center and sent to the vendor.
   Permanent return authorization # _____, if required for shipment. The practice of requesting a separate return authorization number for each return claim (shipment) will be discontinued.

**ADDRESS TO SHIP RETURNS TO:**          **COMMENTS:**

_____           _____
_____           _____
_____           _____

☑ **VENDOR OPTION #2:**   VENDOR DOES NOT WANT RETURNED
MERCHANDISE SENT TO THEM

- ☐ Returned merchandise will be sent from store locations to the Return Center for disposal.
- ☐ Return Center may dispose of returned merchandise through salvage outlets.
- ☐ Return Center must destroy returned merchandise.
- ☑ Returned merchandise must be disposed of by the individual store.

**COMMENTS:** *Club must call vendor within 24 hrs fresh, 48 hrs plants to receive credit on any defective items*

☐ **VENDOR OPTION #3:**   DEFECTIVE/RETURNED MERCHANDISE ALLOWANCE:
Vendor will allow the Defective/Returned Merchandise Allowance shown on the reverse side of this agreement. The percentage must be adequate to cover all defective/returned merchandise or additional claims will be filed by the Return Center at our fiscal year end.

- ☐ Return Center may dispose of returned merchandise through salvage outlets.
- ☐ Return Center must destroy returned merchandise.
- ☐ Returned merchandise will be sent from store locations to the Return Center and sent to the vendor. If vendor requests the returned merchandise be sent to them, they will be charged a 10% handling charge and the merchandise will be shipped with return freight charges billed back to the vendor.

**ADDRESS TO SHIP RETURNS TO:**                            **COMMENTS:**

_____                          _____
_____                          _____
_____                          _____

**SHIPPER LOAD AND COUNT RESPONSIBILITIES**
The Vendor who is shipping collect to Wal-Mart/Sam's a full truckload, will be responsible for monitoring their shipping process including closing the trailer and sealing it with a vendor provided seal. This seal number MUST be referenced and identified as the seal number on all copies of the Bill of Lading. If the Vendor fails to seal the trailer the driver will seal the trailer on the vendor's behalf. The driver will the document that seal number on the Bill of Lading before providing the Vendor with his/her copy. If the load is properly sealed and a shortage does occur, Vendor shall be liable for said shortage

**VENDOR FINANCIAL INFORMATION**
Vendor shall furnish to Purchaser, when submitting this completed agreement, a complete set of current financial statements. If such statements are not available, a current Dun & Bradstreet financial report shall be provided by vendor. Publicly-held companies shall provide to Purchaser its most recent Annual Report to Shareholders and Management Proxy Information. In the event that Purchaser's purchases from Vendor constitutes twenty percent (20%) or more of Vendor's gross annual sales, Vendor agrees to notify Purchaser of this fact, in writing, within thirty (30) days of said event

**NOTICE REGARDING ASSIGNMENT OF ACCOUNTS**
The Vendor shall provide Purchaser written notice of an assignment, factoring, or other transfer of its right to receive payments arising under this agreement 30 days prior to such assignment, factoring, or other transfer taking legal effect. Such written notice shall include the name and address of assignee/transferee, date assignment is to begin, and terms of the assignment, and shall be considered delivered upon receipt of such written notice by the Vendor Master Clerk. Vendor shall be allowed to have only one assignment, factoring or transfer legally effective at any one point in time. No multiple assignments, factorings or transfers by the Vendor shall be permitted.
Purchaser shall have the right to take deduction or other set-offs against any payment assigned, or factored by the Vendor and Vendor shall indemnify Purchaser against and hold Purchaser harmless from any and all lawsuits, claims, actions, damages (including reasonable attorney fees, court costs, obligations, liabilities or liens) arising or imposed in connection with the such deductions or set-offs or with the assignment or transfer or factoring of any account or right arising thereunder. Vendor also releases and waives any right, claim or action against Purchaser for amounts due and owing under this Agreement where Vendor has not complied with the notice requirements of this provision. Such notices shall be mailed directly to:

INVOICE CONTROL DEPT.
ATTN: VENDOR MASTER CLERK
BENTONVILLE, AR 72716-8009

**VENDOR ELECTRONIC DATA INTERCHANGE RESPONSIBILITIES**
Vendor agrees to receive orders and send Wal-Mart Invoices VIA EDI (electronic transmission) unless specifically waived by Purchaser.
1. Vendor will establish a user I.D. to identify its company. The presence of this user I.D. in the EDI interchange will be sufficient to verify the source of the data and the authenticity of the document.
2. Documents containing the user I.D. will constitute a signed writing and neither party shall contest the validity or enforceability of the document on this basis.
3. EDI documents or printout thereof shall constitute an original when maintained in the normal course of business.
If purchaser agrees to waive the EDI requirements of vendor. Purchase orders will be sent via overnight mail at vendors expense.          G.M.M. WAIVER _____

**COMPLIANCE WITH STANDARDS FOR VENDORS**
Vendor agrees to comply with the obligations expressed in the "WAL-MART STORES, INC. STANDARDS FOR VENDORS: which is incorporated herein as part of this Vendor Agreement. Wal-Mart reserves the right to cancel any outstanding order, refuse any shipments and otherwise cease to do business with Vendor in the event Vendor fails to comply with all terms of said Standards or if Wal-Mart has reason to believe Vendor has failed to comply with said Standards.

**Indemnification:** Vendor shall protect, defend, hold harmless and indemnify Purchaser from and against any and all claims, actions, liabilities, losses, costs and expenses, including reasonable attorney fees and costs, even if such claims are groundless, fraudulent or false, arising out of any actual or alleged infringement of any patent, trademark, tradedress or copyright by any merchandise sold to the Purchaser hereunder, or arising out of any actual or alleged death of or injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, resulting or claimed to result in whole or in part from any actual or alleged defect in such merchandise, whether latent or patent, including actual or alleged improper construction or design of said merchandise or the failure of said merchandise to comply with specifications or with any express or implied warranties of Vendor, or arising out of any actual or alleged violation by such merchandise, or its manufacturer, possession or use or sales, of any law, statute or ordinance of any governmental administrative order, rule or regulation arising out of Vendor's installation of merchandise covered by this agreement. The duties and obligations of Vendor created hereby shall not be affected or limited in any way by Purchaser's extension of express or implied warranties to its customers, except to the extent that any such warranties expressly extend beyond the scope of Vendor's warranties, express or implied, to Purchaser. It is further agreed that all duties and obligations of Vendor set forth in this paragraph shall extend in full force and effect to the pallets or other transport or display provided by or at the direction of Vendor.

ALL PURCHASES MADE BY PURCHASER SHALL BE CONTROLLED BY THE PURCHASER'S PURCHASE ORDER "TERMS AND CONDITIONS", WHICH IS ATTACHED AS A PART OF THIS AGREEMENT, AND INCLUDED WITH EACH MANUALLY TRANSMITTED ORDER. THIS AGREEMENT AND ALL DISPUTES ARISING HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ARKANSAS. THE PARTIES AGREE THAT THE EXCLUSIVE JURISDICTION OF ANY DISPUTE ARISING IN CONNECTION WITH THIS AGREEMENT OR ANY DISPUTE RELATING TO THE SERVICES OR GOODS PROVIDED HEREUNDER SHALL BE IN THE STATE AND FEDERAL COURTS OF THE COUNTIES OF BENTON OR WASHINGTON, STATE OF ARKANSAS. ANY LEGAL ACTION BROUGHT BY VENDOR AGAINST PURCHASER WITH RESPECT TO THIS AGREEMENT SHALL BE FILLED IN ONE OF THE ABOVE REFERENCED JURISDICTIONS WITHIN TWO (2) YEARS AFTER THE CAUSE ACTION ARISES. THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THIS CLAUSE AND AGREE WILLING TO ITS TERMS.
LIMITATION OF DAMAGES: IN NO EVENT SHALL WAL-MART BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING WITHOUT LIMITATION, LOSS OF PROFITS OR BUSINESS, OR OTHER CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO DAMAGES ARISING OUT OF WAL-MART'S CANCELLATION OF ORDERS OR THE TERMINATION OF BUSINESS RELATIONS WITH VENDOR), EVEN IF WAL-MART HAS BEEN ADVISED BY VENDOR OF THE POSSIBILITY OF SUCH DAMAGES.

## INSURANCE REQUIREMENTS

A copy of your current Certificate of Insurance with the following requirements must be attached to this Vendor Agreement. Certificate Holder should read:

~~WAL-MART STORES, INC. ITS SUBSIDIARIES & ITS AFFILIATES
702 SW 8th Street
Bentonville, AR 72716-8078
Attn. Risk Management~~

1. COMMERCIAL GENERAL LIABILITY including Contractual, Products and Completed Operations with certificate holder named as Additional Insured as evidenced by attached endorsement.
   LIMITS:   $2,000,000 *Per Occurrence

2. WORKERS' COMPENSATION required provided vendor will be entering Wal-Mart premises:
   Workers' Compensation    STATUTORY
   EMPLOYERS' LIABILITY    $1,000,000.
   Waiver of Subrogation where permitted by law.

3. Notice of Cancellation must be for 30 days.

*$5,000,000. If determined by Wal-Mart as a high risk vendor.

4. Existing Vendors, your Vendor number needs to be stated on certificate of insurance. Vendor number for new vendors will be assigned upon receipt of vendor agreement.

5. Renewals of certificates of insurance must be submitted prior to expiration of insurance with vendor number stated.

6. Please direct any questions regarding your insurance to Risk Management at (501) 273-6516.

7. If certificate of insurance does not comply with requests, vendor agreement will be returned until compliances are met.

8. CONTACT FOR PRODUCT LIABILITY CLAIMS:
   NAME: **HS FLORAL DISTRIBUTORS**
   ADDRESS: **2821 EAST RANDOL MILL RD**
   CITY: **ARLINGTON**   STATE **TX**   ZIP **76011**
   ATTN: **LEE MANN**   PHONE **800-880-5393**
   FAX **800-844-8524**
   INSURING COMPANY **FLORISTS' MUTUAL INSURANCE Co**
   PHONE: **800-851-7740**

## WARRANTY POLICY - FOR GROCERY ONLY

**VENDOR MUST CHECK ONE OF THE BOXES BELOW AND COMPLETE INFORMATION BEFORE AGREEMENT CAN BE APPROVED**

Vendor will be charged current costs plus a 18% handling charge for all defectives. All seasonal non-perishable merchandise may be returned to vendor with or without cause.

Defective merchandise will be shipped "Prepaid" with return freight charges billed to the vendor. Returns are F.O.B. purchaser. Vendor will allow automatic Return Authorization for defectives.
YES _____   NO _____

Permanent RA _____. If automatic return is not possible, the Purchaser must be able to secure return authorization over the phone. An RA number should be provided in the space below or the vendor must accept purchasers collect calls.

   Defectives will be returned to the vendor direct from each individual location. _____-_____-_____
   Defectives will be disposed of by the individual location.
   Vendor will allow the spoil invoice allowance, which will be deducted from each invoice before payment is made. The percentage of each invoice must be adequate to cover all defectives or additional claims will be filed by the Return Center. Defectives will be disposed of by the Return Center.
   Return Center may dispose of through salvage outlets.   YES _____   NO _____
   Defectives will be returned from locations to the Return Center and returned to the vendor.

ADDRESS FOR STORES TO SHIP RETURNS TO:

Attn: _____   Phone _____-_____-_____

ADDRESS FOR RETURN CENTER TO SHIP RETURNS TO:

Attn: _____   Phone _____-_____-_____

### FOR GROCERY ONLY    STANDARD PURCHASE ORDER ALLOWANCE

| CODE | ALLOWANCE | % AMOUNT | CONTROL TYPE | | INVOICE | |
|---|---|---|---|---|---|---|
| | | | OI | BB | EI | Q |
| PUA | Backhaul Or Pick Up Allowance (This will be applied when the whse backhauls a PPD item) | ___ | ___ | ___ | ___ | ___ |
| SWA | Swell Allowance | ___ | ___ | ___ | ___ | ___ |
| VAA | Other Vendor Allowance (To be deducted or billed back on every P.O. or Invoice) | ___ | ___ | ___ | ___ | ___ |

OI - Off Invoice   BB - Bill Back   EI - Each Invoice   Q - Quarterly

### PURCHASE COST AND CONDITIONS

Invoice and ship in accordance to the conditions, costs, and allowances reflected on each purchase order unless otherwise communicated and approved by the purchaser confirming differences in writing. If Cost/UPC/Terms are not correct on P.O., vendor must give 24 hour notice.

## Signatures Required for all Divisions

By the execution of this Vendor Merchandise Agreement, Vendor agrees to the representations stated above, and on the following pages. Vendor further agrees that Purchaser may rely on these representations in placing any purchase orders pursuant to information contained in this Agreement. Any changes to this Agreement must be in writing and executed by both parties.

By the execution of this Agreement, the parties hereto agree that this Agreement, the Purchase Order Terms and Conditions and the Standards for Vendors, which are incorporated herein, constitute the full understanding of the parties, a complete allocation of risks between them and a complete and exclusive statement of the terms and conditions of their agreement; and all prior agreements, negotiations, dealings and understandings, whether written or oral, regarding the subject matter hereof, are superseded by and merged into this Agreement. Any changes in this Agreement shall be in writing and executed by both parties. Futhermore, in the event of a conflict of terms between the Vendor Agreement and a Purchase Order, the Vendor Agreement shall be the controlling document.

SELLER:
By: **/s/ Lee Mann**   DATE **9/11/2000**
Title **VICE PRESIDENT**

PURCHASER
By: **/s/** _____   DATE **9/14/00**
By: **/s/** _____   DATE **9/14/—**

Salesman: **LINDA EVANS**
Address: ~~2821~~ **EAST RANDOL MILL RD**
**ARLINGTON  TX  76011**
Phone Number: **800-880-5393**
Sales Mgr. or V.P. Sales **LEE MANN**
Address: **2821 EAST RANDOL MILL RD**
**ARLINGTON  TX  76011**
Phone Number: **800-880-5393**
Pres. Name: **LINDLEY MANN**
Address: **2700 PEACOCK RD**
**RICHMOND  IN  47374**

Page 4 of 8                                                                                          REV 10/97/2

3. **WORKPLACE ENVIRONMENT**
Wal-Mart maintains a safe, clean, healthy and productive environment for its associates and expects the same from its Vendors. Vendors shall furnish employees with safe and healthy working conditions. Factories working on Wal-Mart merchandise shall provide adequate medical facilities, fire exits and safety equipment, well lighted and comfortable workstations, clean restrooms, and adequate living quarters where necessary. Workers should be adequately trained to perform their jobs safely. Wal-Mart will not do business with any "Vendor" that provides an unhealthy or hazardous work environment or which utilizes mental or physical disciplinary practices.

4. **CONCERN FOR THE ENVIRONMENT**
We believe it is our role to be a leader in protecting our environment. We encourage our customers and associates to always Reduce, Reuse, and Recycle. We also encourage our Vendors to reduce excess packaging and to use recycled and non-toxic materials whenever possible. We will favor Vendors who share our commitment to the environment.

5. **"BUY AMERICAN" COMMITMENT**
Wal-Mart has a strong commitment to buy as much merchandise made in the United States as feasible. Vendors are encouraged to buy as many materials and components from United States sources as possible and communicate this information to Wal-Mart. Further, Vendors are encouraged to establish U.S. manufacturing operations.

6. **REGULAR INSPECTION AND CERTIFICATION BY VENDOR**
Vendor shall designate, on a copy of the Wal-Mart Vendor Inspection and Certification Form, one or more of its officers to inspect each of its facilities which produces merchandise sold to Wal-Mart. Such inspections shall be done on at least a quarterly basis to insure compliance with the standards, terms and conditions set forth herein. The Vendor Officer designated to perform such inspections shall certify to Wal-Mart following each inspection (i) that he or she performed such inspection and (ii) that the results reflected on such compliance inspection form are true and correct.

All charges related to the inspection and certification of such facilities shall be paid fully by the Vendor. Vendor shall maintain the completed Inspection and Certification Forms on file at each facility and shall make the forms readily accessible to Wal-Mart, its agents or employees when requested. Any Vendor which fails or refuses to comply with these standards is subject to immediate cancellation of any and all outstanding orders, refusal or return of any shipment, and termination of its business relationship with Wal-Mart.

7. **RIGHT OF INSPECTION**
To further assure proper implementation of and compliance with the standards set forth herein, Wal-Mart or a third party designated by Wal-Mart will undertake affirmative measures, such as on-site inspection of production facilities, to implement and monitor said standards. Any Vendor which fails or refuses to comply with these standards is subject to immediate cancellation of any and all its outstanding orders, refuse or return any shipment, and otherwise cease doing business with Wal-Mart.

8. **CONFIDENTIALITY**
Vendor shall not at any time, during or after the term of this Agreement, disclose to others and will not take or use for its own purposes or the purpose of others any trade secrets, confidential information, knowledge, designs, data, know-how, or any other information considered logically as "confidential." Vendor recognizes that this obligation applies not only to technical information, designs and marketing, but also to any business information that Wal-Mart treats as confidential. Any information that is not readily available to the public shall be considered to be a trade secret and confidential. Upon termination of this Agreement, for any cause, Vendor shall return all items belonging to Wal-Mart and all copies of documents containing Wal-Mart's trade secrets, confidential information, knowledge, data or know-how in Vendor's possession or under Vendor's control.

9. **WAL-MART GIFT AND GRATUITY POLICY**
Wal-Mart Stores, Inc. has a very strict policy which forbids and prohibits the solicitation, offering or acceptance of any gifts, gratuities or any form of "pay-off" or facilitation fee as a condition of doing business with Wal-Mart; as a form of gratitude, or as an attempt to gain favor or accept merchandise or services at a lesser degree than what was agreed. Wal-Mart believes in delivering and receiving only the total quantity agreed.

Any Vendor, factory or manufacturer who violates such policy by offering or accepting any form of gift or gratuity to any associate, employee, agent or affiliate of Wal-Mart Stores, Inc. will be subject to all loss of existing and future business, regardless of whether the gift or gratuity was accepted. In addition, a Vendor, factory or manufacturer who violates such policy, will be reported to the appropriate governmental authorities of the Vendor's respective and affiliated countries.

Failure to report such information will result in severe action against such Vendor, trading company or factory including but not limited to termination of all existing and future business relationships and monetary damages.

A copy of these Standards for Vendors shall be posted in a location visible to all employees at all facilities that manufacture products for **Wal-Mart Stores, Inc.**

Any person with knowledge of a violation of any of these standards by a Vendor or a Wal-Mart associate should call 1-800-WM-ETHIC (1-800-963-8442) (In countries other than the United States, dial AT&T's U.S.A. Direct Number first) or write to: **Wal-Mart Stores, Inc., Business Ethics Committee, 702 SW 8th St., Bentonville, AR 72716-8095**

As an officer of **HS FLORAL DISTRIBUTORS** Vendor of Wal-Mart, I have read the principles and terms described in this document and understand my company's business relationship with Wal-Mart is based upon said company being in full compliance with these principles and terms. I further understand that failure by a Vendor to abide by any of the terms and conditions stated herein may result in the immediate cancellation by Wal-Mart of all outstanding orders with that Vendor and refusal by Wal-Mart to continue to do business in any manner with said Vendor. I am signing this statement, as a corporate representative of **HS Floral Distributors**, to acknowledge, accept and agree to abide by the standards, terms and conditions set forth in this Memorandum of Understanding between my company and Wal-Mart. I hereby affirm that all actions, legal and corporate, to make this Agreement binding and enforceable against **HS Floral Distributors** have been completed.

**VENDOR COMPANY NAME, ADDRESS, TELEPHONE AND FAX NUMBER**

HS FLORAL DISTRIBUTORS
2821 EAST RANDOL MILL ROAD
ARLINGTON TX 76011
PHONE: 800-880-5393
FAX: 800-844-8524

Signature: [signed]
Typed Name: LEE MANN
Title: VICE PRESIDENT

Vendor No. _____  Department No. _____  Effective Date _____

## WAL-MART STORES, INC.

### STANDARDS FOR "VENDORS"

Wal-Mart Stores, Inc. ("Wal-Mart") has enjoyed success by adhering to three basic principles since its founding in 1962. The **first principle** is the concept of providing value and service to our customers by offering quality merchandise at low prices every day. Wal-Mart has built the relationship with its customers on this basis, and we believe it is a fundamental reason for the Company's rapid growth and success. The **second principle** is corporate dedication to a partnership between the Company's associates (employees), ownership and management. This concept is extended to Wal-Mart's Vendors who have increased their business as Wal-Mart has grown. The **third principle** is a commitment by Wal-Mart to the communities in which stores and distribution centers are located.

Wal-Mart strives to conduct its business in a manner that reflects these three basic principles and the resultant fundamental values. Each of our Vendors, including our Vendors outside the United States, are expected to conform to those principles and values and to assure compliance in all contracting, subcontracting or other relationships.

Since Wal-Mart believes that the conduct of its Vendors can be transferred to Wal-Mart and affect its reputation, Wal-Mart requires that its Vendors conform to standards of business practices which are consistent with the three principles described above. More specifically, Wal-Mart requires conformity from its Vendors with the following standards, and hereby reserves the right to make periodic, unannounced inspections of Vendor's facilities to satisfy itself of Vendor's compliance with these standards:

1. **COMPLIANCE WITH APPLICABLE LAWS**
   All Vendors shall comply with the legal requirements and standards of their industry under the national laws of the countries in which the Vendors are doing business, including the labor and employment laws of those countries, and any applicable U.S. laws. Should the legal requirements and standards of the industry conflict, Vendors must, at a minimum, be in compliance with the legal requirements of the country in which the products are manufactured. If, however, the industry standards exceed the country's legal requirements, Wal-Mart will favor Vendors who meet such industry standards. Vendors shall comply with all requirements of all applicable governmental agencies. Necessary invoices and required documentation must be provided in compliance with the applicable law. Vendors shall warrant to Wal-Mart that no merchandise sold to Wal-Mart infringes the patents, trademarks or copyrights of others and shall provide to Wal-Mart all necessary licenses for selling merchandise sold to Wal-Mart which is under license from a third party. All merchandise shall be accurately marked or labeled with its country of origin in compliance with applicable laws and including those of the country of manufacture. All shipments of merchandise will be accompanied by the requisite documentation issued by the proper governmental authorities, including but not limited to Form A's, import licenses, quota allocations and visas and shall comply with orderly marketing agreements, voluntary restraint agreements and other such agreements in accordance with applicable law. The commercial invoice shall, in English and in any other language deemed appropriate, accurately describe all the merchandise contained in the shipment, identify the country of origin of each article contained in the shipment, and shall list all payments, whether direct or indirect, to be made for the merchandise, including, but not limited to any assists, selling commissions or royalty payments. Backup documentation, and any Wal-Mart required changes to any documentation, will be provided by Vendors promptly. Failure to supply complete and accurate information may result in cancellation or rejection of the goods.

2. **EMPLOYMENT**
   Wal-Mart is a success because its associates are considered "partners" and a strong level of teamwork has developed within the Company. Wal-Mart expects the spirit of its commitment to be reflected by its "Vendors" with respect to their employees. At a minimum, Wal-Mart expects its "Vendors" to meet the following terms and conditions of employment:

   **Compensation**
   "Vendors" shall fairly compensate their employees by providing wages and benefits which are in compliance with the national laws of the countries in which the "Vendors" are doing business or which are consistent with the prevailing local standards in the countries in which the "Vendors" are doing business, if the prevailing local standards are higher. Vendors shall fully comply with the wage and hour provisions of the Fair Labor Standards Act, if applicable, and shall use only subcontractors who comply with this law, if applicable.

   **Hours of Labor**
   "Vendors" shall maintain reasonable employee work hours in compliance with local standards and applicable national laws of the countries in which the Vendors are doing business. Employees shall not work more hours in one week than allowable under applicable law, and shall be properly compensated for overtime work. We favor "Vendors" who comply with the statutory requirements for working hours for employees and we will not use suppliers who, on a regularly scheduled basis, require employees to work in excess of the statutory requirements without proper compensation as required by applicable law. Employees should be permitted reasonable days off (which we see as at least one day off for every seven-day period) and leave privileges.

   **Forced Labor/Prison Labor**
   Forced or prison labor will not be tolerated by Wal-Mart. Vendors shall maintain employment on a voluntary basis. Wal-Mart will not accept products from Vendors who utilize in any manner forced labor or prison labor in the manufacture or in their contracting, subcontracting or other relationships for the manufacture of their products.

   **Child Labor**
   Wal-Mart will not tolerate the use of child labor in the manufacture of products it sells. Wal-Mart will not accept products from Vendors that utilize in any manner child labor in their contracting, subcontracting or other relationships for the manufacture of their products. No person shall be employed at an age younger than 15 (or 14 where the law of the country of manufacture allows) or younger than the age for completing compulsory education in the country of manufacture where such age is higher than 15.

   **Discrimination/Human Rights**
   Wal-Mart recognizes that cultural differences exist and different standards apply in various countries, however, we believe that all terms and conditions of employment should be based on an individual's ability to do the job, not on the basis of personal characteristics or beliefs. Wal-Mart favors Vendors who have a social and political commitment to basic principles of human rights and who do not discriminate against their employees in hiring practices or any other term or condition of work, on the basis of race, color, national origin, gender, religion, disability, or other similar factors.

## PURCHASE ORDER TERMS AND CONDITIONS

1. **Definitions:** As used in these Terms and Conditions, "order" shall mean this Purchase Order and all its attachment, instructions and exhibits; "goods" shall mean any materials, machinery, equipment, article, item or work provided for in this order; "Seller" shall mean the person, firm or corporation named on the face hereof to whom this order is issued; and "Purchaser" shall mean the person, firm or corporation named on the face hereof by whom this order is issued.

2. **Agreement:** This order sets forth the entire agreement between Seller and Purchaser with respect to the sale and purchase of the goods, and it is not valid unless signed or initialed by an authorized buyer for Purchaser. Acceptance of this order may be made only by shipment of the goods in accordance herewith and ACCEPTANCE IS EXPRESSLY LIMITED TO ALL OF THE TERMS AND CONDITIONS OF THIS ORDER, INCLUDING ALL ATTACHMENTS AND SUPPLEMENTAL INSTRUCTIONS DELIVERED HEREWITH AND TO CURRENT SHIPPING, BILLING AND ROUTING INSTRUCTIONS OF PURCHASER. SHIPMENTS MADE CONTRARY TO PURCHASER'S ROUTING INSTRUCTIONS WILL BE CONSIDERED F.O.B. DESTINATION. (EITHER STORE OR WAREHOUSE.) Seller's invoice, confirmation memorandum or other writing may not vary the terms of this order. Seller's failure to comply with each and every term of this order shall constitute an event of default and shall be grounds for the exercise by Purchaser of any of the remedies provided for in these Terms and Conditions.

3. **Warranties and Guarantees:** By acceptance of this order, Seller warrants and guarantees that (a) the goods will comply with all specifications contained in this order and will be of comparable quality as all samples delivered to Purchaser, (b) the goods are not adulterated, misbranded, falsely labeled or advertised, or falsely invoiced within the meaning of any local, state or federal laws and amendments thereof now in force, (c) the goods have been labeled, advertised, and invoiced in accordance with the requirements (if applicable) of the Wool Products Labeling Act of 1939, the Fur Products Labeling Act and the Textile Fiber Products Identification Act and any and any all other governmental laws and the respective rules and regulations thereunder, (d) reasonable and representative tests made in accordance with the requirements of the Flammable Fabrics Act (if applicable) show that the goods are not so highly flammable as to be dangerous when worn by individuals, (e) the goods are properly labeled as to content as required by applicable Federal Trade Commission Trade Practice Rules, the Fair Labor Standards Act, the Federal Food, Drug and Cosmetics Act and similar laws, rules and regulations, (f) the goods ordered herein shall be delivered in good and undamaged condition and shall, when delivered, be merchantable and fit and safe for purposes for which the same are intended to be used, including without limitation, consumer use, (g) the goods do not infringe upon or violate any patent, copyright, trademark, trade name or, without limitation, any other rights belonging to others, (h) all weight, measures, sizes, legends or descriptions printed, stamped attached or otherwise indicated with regard to the goods are true and correct, and conform and comply with all laws, rules, regulations, ordinances, codes and or standards relating to said goods of federal, state and local governments, and (i) the goods are not in violation of any other laws, ordinances, statutes, rules or regulations of the United States or any state or local government or any subdivision or agency thereof. It shall be within the sole discretion of Purchaser to determine when the above mentioned warranties and guarantees have been breached. In addition to the other guarantees and warranties contained in this paragraph, the warranties of the Uniform Commercial Code are specifically incorporated herein. Nothing contained in this order shall be deemed a waiver of warranties implied by law.

4. **PROHIBITION AGAINST FORCED LABOR, CHILD LABOR AND TRANS-SHIPMENTS:** VENDOR CERTIFIES, REPRESENTS AND WARRANTS THAT THE GOODS PURCHASED PURSUANT TO THIS AGREEMENT ARE NOT MINED, PRODUCED, MANUFACTURED, ASSEMBLED OR PACKAGED BY THE USE OF FORCED LABOR, PRISON LABOR OR FORCED OR ILLEGAL CHILD LABOR AND THAT THE GOODS WERE NOT TRANS-SHIPPED FOR THE PURPOSE OF MISLABELING, EVADING QUOTA OR COUNTRY OF ORIGIN RESTRICTIONS OR FOR THE PURPOSE OF AVOIDING COMPLIANCE WITH FORCED LABOR, PRISON LABOR OR CHILD LABOR LAWS.

5. **Remedies on Breach or Default:** Failure to comply with each and every term of this order and each guarantee or warranty herein shall be grounds for the exercise by Purchaser of any one or more of the following remedies:
   a) Cancellation of all or any part of this order without notice, including without limitations the balance of any order received on installment; and
   b) Rejection of all or any part of any shipment by Purchaser, which may return the goods or hold them at Seller's risk and expense. Purchaser's right to reject and return or hold goods at Seller's expense and risk shall extend to goods covered by this order which are returned by Purchaser's customers for any reason entitling Purchaser to reject. Purchaser may, at its option, require Seller to grant a full refund or credit to Purchaser of the price actually paid by any customer of Purchaser for such item in lieu of replacement with respect to any item which Purchaser is entitled to reject hereunder. Purchaser shall be under no duty to inspect the goods before resale thereof and notice of rejection shall be deemed given within a reasonable time if given within a reasonable time after notice of defects or deficiencies has been given to purchaser by its customers. In respect of any goods rightfully rejected by Purchaser, there shall be charged to Seller all expenses incurred by Purchaser in (i) unpacking, examining, repacking and storing such goods ( it being agreed that in the absence of proof of a higher expense that the purchaser shall claim and allowance for each rejection at the rate of 10% of the price for each rejection made by Purchaser) and (ii) landing and reshipping such goods. When Purchaser has exercised any of the above remedies, Seller shall not have the right to make a conforming delivery within the contract time. In addition to Purchaser's remedies provided above, the buyer's remedies of the Uniform Commercial Code are specifically incorporated in this agreement.

6. **Indemnification:** Vendor shall protect, defend, hold harmless and indemnify Purchaser from and against any and all claims, actions, liabilities, losses, costs and expenses, including reasonable attorney fees and costs, even if such claims are groundless, fraudulent or false, arising out of any actual or alleged infringement of any patent, trademark, tradedress or copyright by any merchandise sold to the Purchaser hereunder, or arising out of any actual or alleged death of or injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, resulting or claimed to result in whole or in part from any actual or alleged defect in such merchandise, whether latent or patent, including actual or alleged improper construction or design of said merchandise or the failure of said merchandise to comply with specifications or with any express or implied warranties of Vendor, or arising out of any actual or alleged violation by such merchandise, or its manufacturer, possession or use or sales, of any law, statute or ordinance of any governmental administrative order, rule or regulation arising out or Vendor's installation of merchandise covered by this agreement. The duties and obligations of Vendor created hereby shall not be affected or limited in any way by Purchaser's extension of express or implied warranties to its customers, except to the extent that any such warranties expressly extend beyond the scope of Vendor's warranties, express or implied, to Purchaser. It is further agreed that all duties and obligations of Vendor set forth in this paragraph shall extend in full force and effect to the pallets or other transport or display provided by or at the direction of Vendor.

7. **DELIVERY TIME:** THE SPECIFIED HEREIN FOR SHIPMENT OF GOODS IS OF THE ESSENCE OF THIS AGREEMENT AND IF SHIPMENT IS NOT EFFECTED WITHIN THE TIME SPECIFIED, PURCHASER RESERVES THE RIGHT, AT ITS OPTION AND WITHOUT LIMITATIONS, TO CANCEL THIS ORDER OR REJECT ANY GOODS DELIVERED AFTER THE TIME SPECIFIED AND TO HOLD SELLER LIABLE FOR DAMAGES SUSTAINED BY PURCHASER AS A RESULT OF Seller's failure. Notwithstanding Purchaser's right to cancel and or reject goods, Seller agrees to inform Purchaser immediately of any failure to ship any part of this order or the exact goods called for on this order on the shipment date specified. Acceptance of any goods shipped after the specified shipment date shall not be construed as a waiver of any of Purchaser's rights resulting from the late shipment.

8. **Price Guarantees:** Prices herein are guaranteed by Seller against manufacturer's or Seller's own price decline and against legitimate competition until date of shipment. In the event that prior to final shipment under this order Seller sells or offers to sell to others goods substantially of the same kind as ordered herein at lower prices and or on terms more favorable to a third party than those stated in this order, the prices and or terms herein shall be deemed automatically revised to equal the lowest prices and or most favorable terms at which Seller shall have sold or shall have offered such goods and payments shall be made accordingly. In the event Purchaser shall become entitled to such lower prices, but shall have made payment at any price in excess thereof, Seller shall promptly refund the difference in price to Purchaser. Seller agrees to meet the price of legitimate competition. The prices to Purchaser set forth in this order include all taxes whether or not set forth separately. If any manufacturer's excise or other similar or different taxes are paid on the goods described in this order and if such tax, or any part thereof, is refunded to Seller, than Seller shall immediately pay Purchaser the amount of such refund. In the event that a court or regulatory agency or body finds that the prices herein are in excess of that allowed by any law or regulation of any governmental agency, the prices herein shall be automatically revised to equal a price which is not in violation of said law or regulations. If Purchaser shall have made payment before it is determined that there has been a violation, Seller shall promptly refund an amount of money equal to the difference between the price paid for the goods and a price which is not in violation of said regulations.

9. **DATING:** ALL DATING SHALL BEGIN AT THE DATE OF RECEIPT OF THE GOODS BY PURCHASER. ON ALL E.O M. DATINGS, GOODS RECEIVED AFTER THE 24th OF ANY MONTH SHALL BE PAYABLE AS IF RECEIVED IN THE FOLLOWING MONTH. INVOICES SHOULD BE MAILED ON THE SAME DAY GOODS ARE SHIPPED AND SHALL DATE FROM PURCHASER'S RECEIPT OF THE GOODS  CASH DISCOUNT WILL BE CALCULATED ON THE GROSS AMOUNT OF VENDOR'S INVOICE.

10. **PURCHASER RESERVES THE RIGHT TO TAKE ANTICIPATION, AT PREVAILING RATE, ON ANY INVOICES PAID BEFORE DUE DATE.**

11. **Cancellation:** Purchaser may cancel all or any part of this order at any time prior to shipment. In addition, in the event any place of business or other premises of Purchaser shall be affected by lockouts, strikes, riots, war, fire, civil insurrection, flood, earthquake, or any other casualty or cause beyond Purchaser's control, which might reasonably tend to impede or delay the reception, handling, inspecting, processing or marketing of the goods covered by this order by Purchaser, its agents or employees, Purchaser may, at its option, cancel all or any part of the undelivered order hereunder by giving written notice to Seller which notice shall be effective upon mailing.

12. **Set-off:** Purchaser may set off against amounts payable under this order all present and future indebtedness of the Seller to Purchaser arising from this or any other transaction whether or not related thereto.

13. **Assignment:** Seller shall not assign the obligation to perform this order or any part hereof, and Purchaser shall not be obligated to accept a tender of performance by any assignee, unless Purchaser shall have previously expressly consented in writing to such an assignment.

14. **Publicity:** Seller shall not refer to Purchaser or any company affiliated with Purchaser in publication form in connection with goods or services rendered by Seller without the prior written approval of Purchaser

15. **Validity:** No finding that a part of this order is invalid or unenforceable shall affect the validity of any other part hereof.

16. Seller agrees that any credit balance will be paid in cash to Purchaser upon written request.

Vendor No. _____ Department No. _____ Effective Date ___/___/___

### SHIPPING INSTRUCTIONS

Each purchase order will show a routing which is determined by the Purchaser's Traffic Department. The vendor is liable for the excess transportation cost if the designated routing is not followed. If a vendor should question the routing selected, the vendor must call the Purchaser's Traffic Department before releasing the shipment. Call the number indicated:

☐ (501) 273-6359      ☐ (501) 452-2060 "HUTCHESON SHOE"

INDICATE ALL YOUR SHIPPING POINTS TO EACH OF THESE DESTINATIONS. NOTE: Warehouse locations for Sam's Club are listed as a separate attachment.

WHSE #                                          WHSE #

| # | Location | # | Location |
|---|---|---|---|
| 00 | (Ship & Bill) | 30 | (Raymond, NH 09/96 - RDC) |
| 01 | (Bentonville, AR - Pharmacy) | 32 | (Hanford, CA - Pharmacy) |
| 02 | (Bentonville, AR - RDC/Return Center) 427.00 96 | 34 | (Statesboro, GA - Shoe Division) |
| 03 | (Searcy, AR - Supercenter Storage) | 35 | (Ottawa, KS - RDC) |
| 04 | (Bentonville, AR - RDC) | 36 | (Palestine, TX - RDC) |
| 05 | (Palestine, TX - WPM/Shoe) | 38 | (Marcy, NY - RDC) |
| 06 | (Cullman, AL - RDC) | 41 | (Sharon Springs, NY - WPM) |
| 07 | (Ft. Smith, AR - Shoe Division) | 44 | (Crawfordsville, IN - Optical) |
| 08 | (Bentonville, AR - WPM) | 45 | (Bentonville, AR - Pharmacy) |
| 09 | (Mt. Pleasant, IA - RDC) | 46 | (Williamsport, MD - Pharmacy) |
| 10 | (Douglas, GA - RDC) | 50 | (Laredo, TX - Import MX) |
| 11 | (Brookhaven, MS - RDC) | 51 | (Bentonville, AR - Jewelry) |
| 12 | (Plainview, TX - RDC) | 52 | (Auburn, WA - Export) |
| 13 | (Tifton, GA - Pharmacy) | 53 | (Miami, FL - Export) |
| 14 | (Laurens, SC - WPM) | 54 | (Dallas, TX - Optical) |
| 15 | (Laurens, SC - RDC) | 58 | (Edmond, OK - Import) |
| 16 | (New Braunfels, TX - RDC) | 60 | (Buckeye, AZ - Import Storage) |
| 17 | (Seymour, IN - RDC) | 61 | (Statesboro, GA - Import Storage) |
| 18 | (Searcy, AR - RDC) | 62 | (Tucson, AZ - Import / Export) |
| 19 | (Loveland, CO - RDC) | 63 | (DSL Southgate, CA - Import / Export) |
| 20 | (Brooksville, FL - RDC) | | **GROCERY ONLY** |
| 21 | (Porterville, CA - RDC) | *59 | (Olney, IL - Grocery) |
| 22 | (Greencastle, IN - WPM) | *71 | (Winter Haven, FL - Grocery 09/96) |
| 23 | (Sutherland, VA - RDC) | *72 | (New Albany, MS - Grocery 09/96) |
| 24 | (Grove City, OH - RDC) | *73 | (Pageland, SC - Grocery) |
| 25 | (Menomonie, WI - RDC) | *82 | (Clarksville, AR - Grocery) |
| 26 | (Red Bluff, CA - RDC) | *83 | (Temple, TX - Grocery) |
| 27 | (Woodland, PA - RDC) | *97 | (London, KY - Grocery) |
| 28 | (Crawfordsville, IN - Pharmacy) | | |
| 29 | (Hurricane, UT - WPM/Shoe/Spec) | | |

Each Purchase Order will show a routing which is determined by the Wal-Mart Supercenter Traffic Department. The Vendor is liable for the excess transportation cost if the designated routing is not followed. If a Vendor should question the routing selected, the Vendor must call the Wal-Mart Supercenter Traffic Department before releasing the shipment.

```
09/15/2000  13:10
Sent by:FLORISTS MUTUAL    Sep-15-00 11:10am    From 80823336427              Page 2 of 8
```

| ACORD | CERTIFICATE OF INSURANCE | 121800 | DATE (MM/DD/YY) 09/13/2000 |
|---|---|---|---|

**PRODUCER**
FLORISTS' MUTUAL INSURANCE COMPANY
PMI
500 ST LOUIS STREET
Edwardsville, IL 62025

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

COMPANY A: FLORISTS' MUTUAL INSURANCE COMPANY
COMPANY B:
COMPANY C: **OK NJS RISK MGT**
COMPANY D:

**INSURED**
E G Hill Company Inc & Hill Floral Products Inc &
E G Hill Company Inc DBA; E G Floral Distributors
2117 Peacock Road
Richmond, IN 47374

**COVERAGES**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY<br>[X] COMMERCIAL GENERAL LIABILITY<br>[ ] CLAIMS MADE [X] OCCUR<br>[ ] OWNER'S & CONT PROT<br>[X] Vendors Broad Form | MP 02728<br>9045 | 01/01/2000 | 01/01/2001 | GENERAL AGGREGATE<br>PRODUCTS-COMP/OP AGG<br>PERSONAL & ADV INJURY<br>EACH OCCURRENCE<br>FIRE DAMAGE (Any one fire)<br>MED EXP (Any one person) | $ 2,000,000<br>$ 2,000,000<br>$ 1,000,000<br>$ 1,000,000<br>$ 100,000<br>$ 5,000 |
| A | AUTOMOBILE LIABILITY<br>[ ] ANY AUTO<br>[ ] ALL OWNED AUTOS<br>[X] SCHEDULED AUTOS<br>[X] HIRED AUTOS<br>[X] NON-OWNED AUTOS | FPA 905440<br>9045 | 01/01/2000 | 01/01/2001 | COMBINED SINGLE LIMIT<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE | $ 500,000 |
|  | GARAGE LIABILITY<br>[ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT<br>OTHER THAN AUTO ONLY:<br>EACH ACCIDENT<br>AGGREGATE | |
| A | EXCESS LIABILITY<br>[X] UMBRELLA FORM<br>[ ] OTHER THAN UMBRELLA FORM | XX 06132<br>9045 | 01/01/2000 | 01/01/2001 | EACH OCCURRENCE<br>AGGREGATE | $ 20,000,000<br>$ 20,000,000 |
| A | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>THE PROPRIETOR/<br>PARTNERS/EXECUTIVE [ ] INCL<br>OFFICERS ARE: [ ] EXCL | WCE 05140<br>9045 | 01/01/2000 | 01/01/2001 | [X] STATUTORY LIMITS<br>EACH ACCIDENT<br>DISEASE - POLICY LIMIT<br>DISEASE - EACH EMPLOYEE | $ 500,000<br>$ 500,000<br>$ 500,000 |
|  | OTHER | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS
Note: The Certificate Holder is listed as Additional Insured on Form CG2015 (11-90) on Policies MP-02728 and XX06132.

**CERTIFICATE HOLDER**    RCT    101633

Wal-Mart Stores Inc & its Subsidiaries
&/or Affiliates
702 SW 8th Street
Bentonville, AR 727160018

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. 10 DAYS NOTICE WILL BE SENT FOR NONPAYMENT.

AUTHORIZED REPRESENTATIVE [signature]

ACORD 25-S (3/93)                                                    © ACORD CORPORATION 1993

09/22/2000  11:30                                              362  P001
Sep-22-00 10:19A hill floral products


**Hills' Floral Group**

E.G. Hill Company, Inc. • 346 N.W. 18th Street • Richmond, IN 47374
Phone: (765) 973-6751 • FAX (765) 973-6713

September 22, 2000

Attn: Jennine
Walmart Store 2706 90
Bentonville, AR

RE: Vendor Agreement

In reply to your request, please be advised of the following:

The company operations named H.S. Floral Distributors that does business with your Company and/or Affiliates (namely Sams Clubs), is the same as when we initially began doing business with you in 1992. When we began doing business with you, our entity was an Indiana partnership with a name of J.E. Floral d/b/a H.S. Floral Distributors, and our federal tax identification number was 35-1851178. At that time, the two general partners were Indiana corporations, namely Joseph H. Hill Company, and E.G. Hill Co., Inc.

Currently, the business name is E.G. Hill Co., Inc. d/b/a H.S. Floral Distributors, with a federal tax identification number of 35-0867902. The reason for the change in federal ID numbers is due to a corporate merger in 1997 (the two previous corporate partners merged) whereas, Joseph H. Hill Company merged with and into E.G. Hill Co., Inc. Once the merger was effective it legally dissolved the prior partnership, thus E.G. Hill Co., Inc. was the survivor corporation. H.S. Floral Distributors then became a branch operation of E.G. Hill Co., Inc., and became a part of its federal tax identification number.

I trust that the above explanation will suffice; if you have any questions, you may call me a (765) 973-6613 (FAX 765-973-6713). Thank you for your cooperation.

Sincerely,

Thomas E. McFarland
Treasurer
E.G. Hill Co., Inc.
2117 Peacock Rd.
Richmond, IN 47374

Attachment
"A"