United States District Court
Southern District of Texas
FILED

JUL 3 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSEANNA M. GARZA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-210 |
| | § | (Jury Requested) |
| SAM'S EAST, INC. AND HILL | § | |
| FLORAL PRODUCTS, INC. D/B/A | § | |
| HILL'S FLORA GROUP | § | |

## JOINT PRETRIAL ORDER

The parties to the above cause through their respective counsel of record enter into the following Joint Pretrial Order:

### I. APPEARANCE OF COUNSEL

**Plaintiff:**
Roseanna M. Garza
P.O. Box 1112
Lyford, Texas 78569
(956) 347-9992

**Counsel for Plaintiff:**
**Frank Costilla**
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. Garcia**
State Bar No. 24004663
Federal I.D. No. 30411
**LAW OFFICE OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone    : (956) 541-4982
Facsimile    : (956) 544-3152

Page 1

**Attorney for Defendant, Sam's East, Inc.:**
Mr. Jaime A. Drabek
State Bar No. 06102410
Federal I.D. No. 8643
**DRABEK & ASSOCIATES**
1720 E. Harrison, Ste. B
Harlingen, Texas 78550
956/ 428-4544
956/428-4880  fax


**Defendant, Hill Floral Products, Inc.**
Hill Floral Products, Inc.
D/b/a Hills Flora Group
2117 Peacock Blvd.
Richmond, Indiana 47374
(800) 880-5393

**Attorney for Defendant, Hill Floral Products, Inc. D/B/A Hill's Flora Group:**
Mr. W. Michael Fisher
State Bar No. 07062420
Federal I.D. No.  1080
**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas   78520-8786
956/ 542-5666
956/ 542-0016  fax

## II. STATEMENT OF THE CASE

This is a personal injury case in which the Plaintiff, Roseanna M. Garza, claims she was injured when she slipped and fell on water or some other type of clear liquid while shopping at the Sam's Club Store, located at 3570 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas, on March 8, 2002.

## III. JURISDICTION

Jurisdiction and venue are proper in the United District Court of the Southern District of Texas, Brownsville Division.  This Court has subject matter jurisdiction of this case under 28 U.S.C.

§ 1332 and the matter in controversy exceeds the sum of $75,000.00. The Court has full and complete jurisdiction of the subject matter and the parties.

## IV. MOTIONS

The following motions are pending at the time of the pretrial conference:

1. Plaintiff's Motion in Limine.

2. Defendant, Sam's East, Inc.'s Motion in Limine.

3. Defendant, Hill Floral's Motion in Limine.

4. Defendant, Hill Floral's Motion for Judgment as a Matter of Law or for Summary Judgment.

## V. CONTENTIONS OF THE PARTIES

A. **Contentions of the Plaintiff:**

1. On March 8, 2002, during normal business hours, Plaintiff, Roseanna M. Garza, an invitee, was shopping at the Sam's Club Store located at 3570 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas 78521. As Plaintiff walked through the frozen food section and an area containing a pallet with floral and plant displays, she slipped and fell on some water or other type of clear liquid substance. The water/clear liquid on the floor was a dangerous condition and posed an unreasonable risk of harm to Plaintiff.

2. At all times pertinent to this action, Defendant Sam's Club owned, controlled and occupied the premises in question.

3. At all times pertinent to this action, Defendant Hill Floral was a vendor partner of Sam's Club and an additional occupier and controller of the premises in question.

4. At all times pertinent to this action, Defendant Hill Floral was licensed by the State of Texas to sell nursery/floral products at the premises in question.

5. Defendant Hill Floral was responsible for the floral and plant displays and the floral department generally.

6. Defendant Hill Floral conducted its activities and operations within the premises in question and in addition to the premises owner, Sam's Club, both Defendants owed a duty to Sam's Club members, *i.e.* Plaintiff, to keep the premises safe of a known dangerous condition.

7. At all times material herein, Plaintiff was an invitee to whom Defendants owed a duty to use ordinary or reasonable care to protect Plaintiff and others against dangerous conditions on the premises of which Defendants had either actual or constructive knowledge, including the duty to exercise ordinary or reasonable care to protect and safeguard Plaintiff and those similarly situated from unreasonably dangerous conditions on the premises or to maintain the premises in a reasonably safe condition or inspect the premises to discover the dangerous condition or to warn of hazards.

8. At all times material herein, all of the agents, servants, and employees for Defendants, who were in any way connected with the occurrence in this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

9. At all times material herein, Defendants, through their agents, servants and employees had actual or constructive knowledge of the condition on the premises and that there was a likelihood of someone being injured as happened to Plaintiff.

10. At all times material herein, Defendants, through their agents, servants and employees failed to exercise reasonable care to reduce or eliminate the risk and that Defendants' failure to use such care was a proximate cause of Plaintiff's injuries.

11. At all times material herein, Defendants, through their agents, servants and employees, did appreciate or in the exercise of reasonable care should have appreciated the full extent of the danger involved.

12. Defendants allowed water and other liquid substances to accumulate on the floor and walkways of the store which were those used by Sam's customers. Defendants had a duty to protect the walkways from accumulations of this nature and/or to immediately clean these areas up before Sam's customers had access to these areas. Defendants breached their duties to Plaintiff which proximately caused her injuries.

13. Plaintiff sustained severe and disabling physical injuries to her back and body generally. Plaintiff's injuries include past and future medical expenses, pain and suffering, mental anguish, physical impairment, disfigurement, lost wages and loss of future earning capacity.

### B. Contentions of Defendant, Sam's East, Inc.:

1. Defendant contends that on the occasion in question it did not fail to exercise ordinary care to protect the Plaintiff.

2. Defendant contends that on the occasion in question it did not fail to act reasonably under the circumstances.

3. The Plaintiff failed to exercise ordinary care for her own safety and that her negligence was a proximate cause of the occurrence in question.

4. That the actions of Defendant Hill Floral Products, Inc. in creating the condition complained of was the proximate cause or the sole cause of the occurrence in question.

5. Alternatively, that the conduct of third parties over which the Defendant had no control was the proximate cause of the occurrence in question or was the sole cause.

6.   Defendant contends that the Plaintiff was not injured to the extent and degree claimed.

7.   Plaintiff had pre-existing medical conditions in her cervical spine that were not caused or aggravated by the fall in question.

8.   Plaintiff's surgical procedure was unnecessary and was not brought about by the fall in question.

9.   Medical expenses incurred beyond the initial treatment at the hospital were neither reasonable nor necessary for the care and treatment of injuries related to the fall in question.

10.  Past lost wages claimed by the Plaintiff beyond the first two (2) days following the incident are not related to the fall or injury in question.

11.  Plaintiff is not entitled to any recovery for loss of future earnings or loss of earning capacity in the future.

C.   **Contentions of Defendant Hill Floral Products, Inc.**

1.   Hill Floral's business was conducted only in a certain, limited part of the Sam's Club premises, and Hill Floral had no responsibility or legal duty to look after the other parts of the Sam's premises.

2.   The place where Plaintiff says she fell is not within the part of the premises which Hill Floral occupies or controls or does business in.

3.   Neither Sam's Club nor Hill Floral, through their agents, servants and employees had actual or constructive knowledge of any condition on their respective premises which was unreasonably dangerous of Plaintiff or anyone else.

4. Defendant Sam's Club and Hill Floral Products, Inc., through their agents, servants and employees exercised reasonable care to reduce and eliminate risk to Plaintiff from unreasonably dangerous conditions.

5. If there was water or other liquid substances on the floor of any part of the Sam's premises, which is denied, then such water or other liquid substances were open and obvious, as much so to Plaintiff as to Defendants, and if Plaintiff slipped and fell, which is denied, she slipped and fell as a result of her negligence.

6. If Plaintiff suffered any injuries, which is denied, then such injuries were minor, and transient, and should have resolved by now.

## VI. ADMISSIONS OF FACT

1. Plaintiff is a resident of Willacy County, Texas.

2. Defendant, SAM'S EAST, INC., is a corporation and is registered, incorporated and operates under the laws of the State of Delaware.

3. Defendant, Hill Floral Products, Inc. Is a resident of the State of Indiana.

4. Plaintiff was present at Sam's Club #8126 on March 8, 2002.

5. Plaintiff reported that she fell at Sam's Club #8126 on March 8, 2002.

6. On March 8, 2002, Plaintiff, Roseanna M. Garza, was a business invitee at Sam's Club's premises located on 3570 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas 78521. While she was there shopping, Plaintiff reported that she fell. In the immediate area where Plaintiff allegedly fell, there was some water or other type of clear liquid substance on the floor that was in close proximity to the frozen food section and an area containing a pallet with floral and plant displays.

7. On March 8, 2002, Defendant, SAM'S EAST, INC., occupied and maintained a business premise at 3570 W. Alton Gloor, Brownsville, Texas 78526.

8. Defendant, SAM'S EAST, INC., has done and continues to do business in the State of Texas.

9. On or about March 8, 2002, Defendant, Hill Floral was a vendor partner with Sam's Club, and occupied a portion of the Sam's premises, and maintained and controlled the floral department within the premises.

10. At all times pertinent to this action, Defendants' employees were acting within the course and scope of their employment.

## VII. CONTESTED ISSUES OF FACT

1. Whether Defendant Sam's Club failed to exercise ordinary care in the exercise of its duty to use reasonable care to protect invitees such as the Plaintiff, and if so, whether such was the proximate cause of Plaintiff's injuries.

2. Whether Defendant Hill Floral failed to exercise ordinary care in the exercise of its duty to use reasonable care to protect invitees such as the Plaintiff, and if so, whether such was the proximate cause of Plaintiff's injuries.

3. Whether Plaintiff fell as a sole result of the water or other liquid substance on the floor.

4. Whether Defendant Sam's Club's employees had actual or constructive knowledge of the condition on the premises.

5. Whether Defendant Hill Floral's employees had actual or constructive knowledge of the condition on the premises.

6. Whether Defendant Sam's Club's employees failed to exercise reasonable care to reduce or eliminate the risk.

7. Whether Defendant Hill Floral's employees failed to exercise reasonable care to reduce or eliminate the risk.

8. Whether Defendant Sam's Club's employees appreciated the full extent of the danger involved.

9. Whether Defendant Hill Floral's employees appreciated the full extent of the danger involved.

10. Whether Plaintiff was contributorily negligent.

11. The duration of time that the water or other liquid substance was on the floor.

12. Whether Defendant, SAM'S CLUB's employees, had actual knowledge of the water on the floor and took action to guard the spill and/or reduce the risk it posed.

13. Whether Defendant Sam' Club was in control of the area where Plaintiff allegedly fell.

14. Whether the area where Plaintiff fell was outside the areas where Hill Floral operates its concessions and conducts its activities ancillary to its operations.

15. Whether Defendant Hill Floral Products, Inc.'s employees created the risk which allegedly caused Plaintiff's injuries.

16. Whether Defendant Sam's Club's employees created the risk which allegedly caused Plaintiff's injuries.

17. Whether Plaintiff has sustained the damages she seeks.

Approved:

Date: 7/30/04 _____
FRANK COSTILLA
*Attorney-In-Charge for Plaintiff*

Date: 7/30/04 _____
JAIME A. DRABEK
*Attorney-In-Charge for Def. Sam's East, Inc.*

Date: 7-29-04 _____
W. MICHAEL FISHER
*Attorney-In-Charge for Def. Hill Floral Products, Inc. D/B/A Hill's Flora Group*