IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSEANNA M. GARZA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-210 |
| | § | (Jury Requested) |
| SAM'S CLUB a/k/a WAL-MART | § | |
| STORES, INC. and HILL FLORAL | § | |
| PRODUCTS, INC. | § | |

## PLAINTIFF'S MEMORANDUM OF LAW

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES PLAINTIFF ROSEANNA GARZA and respectfully submits Plaintiff's Memorandum of Law as follows, to-wit:

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone    : (956) 541-4982
Facsimile    : (956) 544-3152

_____
Frank Costilla
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. "Hondo" Garcia**
State Bar No. 24004663
Federal I.D. No. 30411

## CERTIFICATE OF SERVICE

On this the 30th day of July 2004, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Jaime Drabek                                    Via **Regular Mail**
The Law Firm of Drabek & Associates
1720 East Harrison, Suite B
Harlingen, Texas 78550

Mr. W. Michael Fisher                               Via **Regular Mail**
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520

_____
Alejandro J. "Hondo" Garcia

MEMORANDUM OF LAW

This is a personal injury case in which the Plaintiff, Roseanna M. Garza, was injured when she slipped and fell on water or some other type of clear liquid while shopping at the Sam's Club Store located at 3570 W. Alton Gloor Blvd., Brownsville, Cameron County, Texas on March 8, 2002. Because jurisdiction is based on diversity, application of state law with regard to premises liability and the Plaintiff's business invitee status will be applied. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1939).

In the present case, Plaintiff has brought claims against both Sam's Club, the premises owner, and Hill Floral Products, Inc., a vendor partner who operated the floral department within the Sam's club. Plaintiff was a business invitee who entered Sam's Club for the purpose of shopping. Plaintiff's premises liability claim against Defendants requires her to prove the following elements that must be established to show liability: (1) the owner or occupier had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm to invitees; (3) the owner or occupier failed to exercise reasonable care to reduce or eliminate the risk; and (4) the failure to exercise reasonable care was the proximate cause of the plaintiff's injuries. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3-4 (Tex. 1996); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). A slip and fall plaintiff satisfies the knowledge element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the defendant a reasonable opportunity to discover it. *Wal Mart Stores Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002).

The facts of this case as applied to the law are straightforward. Mrs. Garza was a business

invitee of Sam's Club while she was shopping and fell on water. The water was located in an aisleway which also had pallets containing floral displays. The evidence will show that these pallets were being moved that morning by both Sam's and Hill Floral employees. There is further evidence that the water came from the buckets of flowers that were on the pallets. Consequently, Sam's Club or Hill Floral or both are imputed with knowledge of the water on the floor because they created the dangerous condition or they actually knew that the condition existed before Mrs. Garza fell.

In addition to Sam's Club, the premises owner, Hill Floral, a vendor partner with Sam's who operates the floral department within the store is also subject to liability under a premises liability theory. Well-established law provides for liability under the following circumstances:

1. Possession and control over the premises must be shown as a prerequisite to liability;

2. Additionally, a private person who has created the dangerous condition may be liable even though not in control of the premises at the time of the injury; and

3. A private person who agrees to make safe a known, dangerous condition of real property may be liable for the failure to remedy the condition.

*City of Denton v. Page*, 701 S.W.2d 831 (Tex. 1986); *Strakos v. Gehring*, 360 S.W.2d 787 (Tex. 1962); *see also Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 54 (Tex. 1997); *Crown Derrick Erectors, Inc. v. Dew*, 117 S.W.3d 526 (Tex. App.–Beaumont 2003, pet. filed); *Gundolf v. Massman-Johnson*, 473 S.W.2d 70 (Tex. Civ. App.–Beaumont 1971, writ ref'd n.r.e.).

Although Hill Floral contends that it cannot be held liable because the accident occurred outside the limited boundary of its floral operations, this argument cannot be sustained because the evidence supports the fact that Hill Floral moved its floral products around the store. Thus, Hill Floral's operations and activities ancillary to its department were widespread. Further, Hill Floral

and Sam's were responsible for creating the condition. Therefore, the second provision above subjects Hill to liability. Finally, the evidence will show that Hill Floral acknowledged that it had agreed to make safe dangerous conditions on the premises. Because it affirmatively undertook the duty to clean the premises, liability attached.

Both Sam's and Hill Floral owed a duty to Plaintiff and this duty was breached proximately causing the damages that are the subject of this lawsuit.