UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 4 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| ROSEANNA M. GARZA, | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO. B-02-210 |
| v. | § | |
| | § | |
| SAM'S CLUB, a.k.a. WAL-MART | § | |
| STORES, INC. and HILL | § | |
| FLORAL PRODUCTS, INC. | § | |
| Defendants. | § | |

## ORDER

Now before the Court is the Motion for Judgment as a Matter of Law or for Summary Judgment (Docket Entry No. 32) filed by Defendant Hill Floral Products, Inc. ("Hill Floral"). Said motion is properly before this Court pursuant to the written consent of the parties and the District Court's order of transfer entered on January 20, 2004 (Docket Entry No. 24), in accordance with the provisions of 28 U.S.C. § 636(c). For the reasons set out in detail below, after careful consideration of the parties' written and submitted pleadings, the evidence, and the applicable law, Defendant Hill Floral's Motion for Summary Judgment is hereby DENIED.

## BACKGROUND

This lawsuit arises from an incident that allegedly occurred at a Sam's Club store located in Brownsville, Texas. Defendant Hill Floral operates within Sam's Club, and is in the business of displaying and selling floral products.

According to the Plaintiff, she slipped and fell due to an accumulation of water –or some other clear liquid– on the floor at Sam's Club near a floral display operated by Hill Floral. As a result of the incident, Plaintiff alleges to have sustained severe and disabling physical injuries to

her back and body. Plaintiff's lawsuit, which is based on premises liability and negligence, names both Hill Floral and Sam's Club as defendants.

On June 23, 2004, Hill Floral submitted the motion currently at issue, its "First Motion for Judgment as a Matter of Law or for Summary Judgment" (Docket Entry No. 32). Therein, Hill Floral asserts that Plaintiff has not and cannot allege that she was injured as a contemporaneous result of the negligent activity which she alleges Hill Floral engaged in. According to Hill Floral, Plaintiff's pleadings show that there are no genuine issues as to any material facts and that Hill Floral is entitled to summary judgment as a matter of law.

## DISCUSSION

As noted above, Hill Floral's Motion for Summary Judgment is based on the premise that the only theory of liability which Plaintiff could assert against Hill Floral would be negligence.[1] Accordingly, Hill Floral asserts that, according to Texas law, any recovery based on a negligent activity requires that the plaintiff be injured by or as a contemporaneous result of an activity, rather than by a condition created by that activity. Hill Floral reasons that because Plaintiff has not alleged that she was injured as a contemporaneous result of the negligent activity which she alleges Hill Floral engaged in, there are no issues of material facts and Hill Floral is entitled to summary judgment.

**A. Standard**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the record

---

[1] Because Sam's Club, as described by Plaintiff in her pleadings, was the exclusive owner, occupier or possessor of the premises, Hill Floral asserts that it could not be liable on the basis of premises liability.

discloses that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *see also New Bremen Corp. v. Columbia Gas Transmission Corp.*, 913 F.Supp. 985, 989 (S.D. Tex. 1995). If the movant is a defendant, its burden is not to produce evidence showing the absence of a genuine issue of material fact. *See Celotex* at 323-28, 106 S.Ct. at 2553-54. Rather, a defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case. *Id.*, 477 U.S. at 323-24, 106 S.Ct. at 2553; *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir.1995); *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir.1994).

If the movant satisfies this prima facie burden, the burden shifts to the non-movant, who must "set forth facts showing that there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Duffy*, 44 F.3d at 312. The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87, 106 S.Ct. at 1356. When the record taken as a whole cannot "lead a rational trier of fact to find for the non-moving party," there "is no genuine issue for trial." *Id.*

3

The standard for summary judgment "mirrors" the standard for a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. *Id.* at 250, 106 S.Ct. at 2511; *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552; *see also New Bremen Corp.*, 913 F.Supp. at 990. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587-88, 106 S.Ct. at 1356 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *National Ass'n of Gov't Employees*, 40 F.3d at 713; *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir.1994). Summary judgment is appropriate if "under the governing law, there can be but one reasonable conclusion as to the verdict;" if "reasonable minds could differ as to the import of the evidence," however, summary judgment should not be granted. *Anderson*, 477 U.S. at 250-51, 106 S.Ct. at 2511.

**B. Hill Floral's Motion**

As an initial matter, it should be noted that Hill Floral's arguments could, perhaps, be described as a critique of the way in which Plaintiff has framed its complaint. To the extent that is the case, Plaintiff has successfully amended its complaint to clarify its position regarding the respective roles of the various defendants. However, regardless of the subsequent amendment, this Court has determined that Plaintiff's pleadings in existence at the time the motion herein at issued was urged were sufficient to support its claims against Hill Floral.

As previously noted, Hill Floral's motion essentially asserts that, as pled, Plaintiff's case against Hill Floral must fail because there are no genuine issues regarding any material fact and

because Hill Floral is entitled to judgment as a matter of law.

Notwithstanding Hill Floral's assertions, Texas law does recognize, in some circumstances, liability of a third party non-owner who creates a dangerous condition, even though that party is not in control of the premises at the time of the injury. *See Strakos v. Gehring*, 360 S.W.2d 787, 790 (Tex. 1962). In other words, there is a question –and a material one at that– regarding whether Hill Floral is liable, despite the fact that they did not "own" the premises, based on its creation of a dangerous condition.

Both Sam's Club and the Plaintiff have presented competent summary judgment evidence –in the form of the testimony of Hill Floral's employee, Benedicta Martinez– to establish that there is a genuine issue of material fact regarding whether Hill Floral exercised some control over the premises. Furthermore, there exists a material question of fact regarding, generally, the cause of Plaintiff's injury. For these reasons, among others, the Court has concluded that summary judgment is precluded.

In analyzing cases such as this, evidence presented by non-movants is to be believed, and all justifiable inferences are to be drawn in the non-movants' favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. Given this deference to the non-movants' position and the disfavor with which summary judgment is viewed, the Court has determined that the non-movants in this case have succeeded in establishing that there are genuine issues for trial. *Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. at 2511.

## CONCLUSION

For the aforementioned reasons, Defendant Hill Floral's Motion for Judgment as a Matter of Law or for Summary Judgment (Docket Entry No. 32) is hereby DENIED.

IT IS SO ORDERED.

DONE at Brownsville, Texas, this 3rd day of August, 2004.

Felix Recio
United States Magistrate Judge